IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEFFREY COHEN #58021-037, Personally      *
  and as Sole Shareholder of RB Entertainment
  Ventures, LLC                                            *

Plaintiff                                                              *

v                                                                        *      Civil Action No. WMN-16-3169

JOHN TINSLEY                                          *
REGULATORY INSURANCE SERVICES,
  INC.                                                            *

Defendant                                                        *

## MEMORANDUM

The above-captioned case was filed on September 14, 2016, together with a Motion to Proceed in Forma Pauperis and Motion for Preliminary Injunction. As noted in the Complaint, Cohen is the sole shareholder and manager of RB Entertainment Ventures, LLC ("RB Ventures"). ECF No. 1 at 1. According to Cohen, RB Ventures owns 99% of Indemnity Insurance Corporation, Inc. ("IIC"), an insurance company licensed to do business as a "risk retention group" and domiciled in the state of Delaware. *Id.*

Cohen is no stranger to this district. On June 5, 2015, he pled guilty to wire fraud, aggravated identity theft, false statements, and obstructing justice (threatening an attorney). *See United States v. Cohen,* Criminal No. GLR-14-0310 (D. Md.).[1] Cohen's criminal prosecution is based, in part, on allegedly deceptive statements and reports presented to the Delaware Department of Insurance ("DDOI"), which initiated formal delinquency proceedings and took over the operation of IIC in 2013. *Id.; see also* ECF No. 1-2 at pp. 1-2. Cohen now complains that John Tinsley, a business consultant with Regulatory Insurance Services, Inc., a Pennsylvania

---

[1] Cohen is serving a 444-month sentence.

company appointed to oversee liquidation of the delinquent company, is acting improperly to "plunder" IIC.  ECF No. 1, p. 2.  He asserts that he, RB Ventures, and unnamed policyholders of IIC have been harmed by the action taken by the DDOI.  Cohen seeks money damages and declaratory relief pursuant to 28 U.S.C. § 2201, based on his claim, inter alia, that Tinsley and his company are violating due process.  ECF No. 1-1 at p. 31.

Cohen states this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and civil rights jurisdiction under 28 U.S.C. § 1343 and 42 U.S.C. § 1983.[2]  Whether the Complaint states a federal question or a civil rights violation is unclear. What is apparent is that this district has no true nexus to a claim involving actions undertaken by an individual and business appointed by the Delaware Court of Chancery and/or the DDOI and Insurance Commissioner to assist in liquidating an insurer domiciled in Delaware.

Under 28 U.S.C. § 1391(b), "a civil action wherein jurisdiction is founded only on diversity of citizenship may  . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."  Under 28 U.S.C. § 1391(b), a civil action that is not founded on diversity of citizenship may be brought only in the judicial district where any of the defendants reside, if all defendants reside in the same State or a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, except as otherwise provided by law.

---

[2] He also contends this Court should exercise supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.  ECF No. 1 at p.2.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a).  The named Defendants reside in Pennsylvania; the events described in the Complaint, however, occurred as a result of an investigation by Delaware's insurance commissioner and are under the supervision of the Delaware Court of Chancery.  In light of these allegations, it is clear that this Court is not the appropriate venue for this action.  Because there is considerable uncertainty as to whether the appropriate venue is a Delaware state court or a different federal district court, this case will be dismissed rather than transferred.[3]

A separate order will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge

Dated: October 5, 2016

---

[3] Plaintiff's Motion for Leave to Proceed in Forma Pauperis (ECF 2) will be granted, subject to the partial payments mandated by 28 U.S.C. § 1915(b)(1).

3